UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| E-Z LINE PIPE SUPPORT CO., LLC | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| PIPING TECHNOLOGY & PRODUCTS, INC. | § § § § | |
| Defendant. | § | |

**<u>PLAINTIFF E-Z LINE PIPE SUPPORT CO., LLC'S ORIGINAL COMPLAINT</u>**

E-Z Line Pipe Support Co., LLC ("E-Z Line") brings this action, complaining of Piping Technology & Products, Inc. ("Piping" or "Defendant"), and respectfully shows the following:

**A. INTRODUCTION**

1. E-Z Line recently discovered that Piping, a direct competitor of E-Z Line, has been using a photograph of one of E-Z Line's products without E-Z Line's approval or consent in Piping's online advertisements and falsely representing it as a photograph of a Piping product. Accordingly, E-Z Line brings this action against Defendant Piping to recover damages resulting from Piping's illegal appropriation and use of E-Z Line's copyrighted materials and false descriptions and representations in commerce under the Copyright Act and Lanham Act. E-Z Line further seeks to enjoin Piping from falsely advertising its product and from wrongfully using photographs of E-Z Line's product in Piping's advertisements and/or promotions.

2. E-Z Line will suffer irreparable injury, loss, and/or damage if Piping uses any photograph of E-Z Line's products in its commercial advertising and promotions, as it is likely to influence customers' purchasing decisions. Specifically, E-Z Line will lose its goodwill, proprietary information, and customers, which took decades to develop, if Piping continues using and disseminating any photograph of E-Z Line's products and representing them as Piping products. As such, E-Z Line seeks injunctive relief.

## B. PARTIES

3. Plaintiff E-Z Line is a Texas corporation that is authorized to do business in Texas with its principal place of business in Manvel, Texas in Brazoria County.

4. Defendant Piping is a corporation organized and existing under the laws of the Texas, with its principal place of business at 3701 Homes Road, Houston, Texas 77051. Piping may be served by serving its President, Durga D. Agrawal at 3701 Holmes Road, Houston, Texas or wherever he may be found.

## C. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1121.

6. This Court has personal jurisdiction over Piping because it has personally availed itself of the privilege and benefits of doing business in Texas, has committed in Texas the acts and omissions as alleged in this Complaint, and knew that such acts and omissions would have a substantial impact in Texas. Venue is proper in this Federal District under the provisions of 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1404(a) because Defendant is deemed to reside in this Federal District for purposes of venue and a

substantial part of the events giving rise to the claims of this action occurred in this Federal District.[1]

## D.  FACTUAL BACKGROUND

**E-Z Line's Business**

7. E-Z Line is a company that manufactures products to support the oil and gas industry. E-Z Line was founded in 1952 with the development of the E-Z Line adjustable pipe support. Due to the rapid growth of the Houston petrochemical industry in the late 1960s and 1970s, E-Z Line expanded into the field of structural steel fabrication, supplying the industry with pipe racks, structural steel pipe supports, catwalks, walkways, and platforms. In 1984, E-Z Line expanded into natural gas transmission, supplying E-Z Line products such as adjustable pipe supports, pipe clamps, steel shim blocks, base plate assemblies, structural steel pipe supports, and platforms for natural gas compressor and meter station facilities.

8. E-Z Line is well known and is the industry standard for adjustable pipe supports and pipe clamp and shim blocks, but it is also a full-service industrial structural steel fabricator.

9. E-Z Line uses custom design, engineering, and shop detailing capabilities to fabricate pipe racks, catwalks, walkways, access platforms, and structural steel pipe supports.

---

[1] E-Z Line incorporates by reference all facts alleged in this Complaint as if fully set forth herein in support of venue and jurisdiction in this Court.

10. The E-Z Line adjustable pipe support and clamp, guide, and shim block assemblies are designed to hold above-ground pipelines in place, allowing for easy maintenance and inspection for pipeline corrosion and abrasion.

11. These E-Z Line assemblies are available in a variety of head styles to accommodate different size pipes and each customer's project support needs.

12. E-Z Line has worked closely with its customers over decades to develop customized design standards. For example, E-Z Line's technology allows for the design of custom supports for a precise application to existing pipelines and retro-fit supports.

**Piping and its False Advertising**

13. Piping is a competitor of E-Z Line that also manufactures adjustable pipe support products.

14. On its website, Piping, under the Products/Adjustable Pipe Supports section, claims to offer a complete line of adjustable pipe supports for midstream applications. That section generally describes seven different configurations for Piping's "Figure 44" pipe supports.

15. It also links to "PT&P Adjustable Pipe Supports PDF." The PDF page, https://pipingtech.com/wp-content/uploads/2020/01/PTP-Adjustable-Pipe-Supports.pdfh, contains only one photograph of an adjustable pipe support.[2]

16. Until E-Z Line recently complained, Piping used an exact copy on the PDF page of the photograph of E-Z Line's adjustable pipe support that is described as a "1218-

---

[2] Attached as Exhibit A is a true and correct copy of Piping's "PT&P Adjustable Pipe Supports PDF," as displayed on its website on May 11, 2020.

4

E with I-Clip Liner" (the "E-Z Line Support"), which E-Z Line uses in its catalog to market its adjustable pipe supports and a variety of liners.[3]

17.     E-Z Line initially photographed the E-Z Line Support in 2016 and has used it in its product catalog every year since.  E-Z Line's 2020 and 2016 catalogs are registered with the United States Copyright Office under Registration Nos. TX0008869029 and TX0008869786, respectively.

18.     E-Z Line uses its catalog to market its various products and services to its customers and potential customers.

19.     The E-Z Line Support is unique to E-Z Line and contains distinctive features when compared to other adjustable pipe supports.  For example, the E-Z Line Support contains specific liners, which are not contained or part of any of Piping's adjustable pipe support as reflected throughout its website.

20.     Indeed, Piping's description and load tables of its adjustable pipe support did not accurately reflect or correspond to the E-Z Line photograph.

21.     To that end, Piping improperly competed with E-Z Line by using E-Z Line's photograph and by passing off the E-Z Line Support as its own product.

**Customer Confusion**

22.     Piping's advertising was literally false and likely to mislead, deceive, and confuse potential and current customers in their purchasing decisions.

---

[3] Attached as Exhibit B is a true and correct copy of a page from E-Z Line's 2020 catalog, which contains a photograph of the E-Z Line Support.

23. As a result of Piping's use of the photograph depicting the E-Z Line Support and falsely representing it as a Piping product, E-Z Line has been forced to essentially bid against itself to win business. For example, if E-Z Line's customers see Piping's false advertisement, they are likely to contact Piping for a quote based on the photograph of the E-Z Line Support. Then that customer may go to E-Z Line and ask E-Z Line to provide a quote based on its "equivalent product" to the one depicted in Piping's advertisement. Because the customer does not know that the photograph in Piping's advertisements is actually a photograph of E-Z Line's pipe support product, E-Z Line has now been placed in a position where it may have to lower the price of its pipe support product in order to compete with Piping based on the false depiction in Piping's advertisement.

24. Even more damaging, a customer may not even come to E-Z Line with an opportunity to quote or bid on a job in the first place because the customer may already believe that it is going to receive its desired pipe-support design directly from Piping based on Piping's false advertisements when, in fact, the customer is actually looking at a photograph of E-Z Line's pipe support product.

25. In sum, Piping's false and misleading representation have likely caused customers to confuse Piping's products with E-Z Line's to the detriment of E-Z Line. By its conduct, Piping gained in a matter of minutes a competitive advantage in the marketplace that took E-Z Line decades to build and perfect.

26. On May 13, 2020, E-Z Line sent a cease-and-desist letter to Piping requesting that the photograph of E-Z Line's product be removed from all of Piping's print and online advertisements and asked for assurances and information regarding Piping's infringement.

27. In response, Piping removed E-Z Line's image from its website, but remarkably denied that E-Z Line has an actionable claim.[4]

28. Further, Piping failed to give E-Z Line any assurances or provide the requested information, necessitating the need for E-Z Line to file this action.

### E. CLAIMS

### Count I – Copyright Infringement

29. E-Z Line repeats and re-alleges the allegations of the paragraphs of this Complaint.

30. E-Z Line's catalog, including the text, photographs, and art therein are registered with the United States Copyright Office under Registration Nos. TX0008869029 and TX0008869786. Accordingly, E-Z Line is the sole owner of the copyrighted materials that Piping is using its advertisements.

31. Piping has produced, reproduced, prepared derivative work or derivatives of E-Z Line's copyrighted work without E-Z Line's consent. Piping's acts violate sections E-Z Line's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including E-Z Line's exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative work, or publicly display E-Z Line's work.

32. Piping's infringement has been undertaken knowingly, and with intent to financially gain from E-Z Line's protected copyrighted work.

---

[4] Attached as Exhibit C is a true and correct copy of the replacement photograph used on May 27, 2020 after removing the photograph of the E-Z Line Support.

33. By reason of Piping's copyright infringement, E-Z Line has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights in the copyrighted works. Pursuant to 17 U.S.C. § 504, E-Z Line is entitled to recover from Piping actual damages, including Piping's gains, profits, and advantages it has obtained as a result of its acts of copyright infringement. Further, E-Z Line is entitled to statutory damages under 17. U.S.C. § 504, including an increase of such an award due to Piping's willful infringement.

34. Additionally, irreparable harm to E-Z Line is imminent as a result of Piping's conduct, and E-Z Line is without an adequate remedy at law. E-Z Line, pursuant to 17 U.S.C. § 502, is entitled to an injunction, restraining Piping, its officers, directors, agents, representatives, and all persons acting in concert with it from engaging in further such acts of copyright infringement.

35. E-Z Line further requests, pursuant to 15 U.S.C. § 504, that this Court order the destruction of all signs, prints, and advertisements bearing photographs of the E-Z Line Support.

## Count II - Lanham Act Violation

36. E-Z Line repeats and re-alleges the allegations of the paragraphs of this Complaint.

37. Piping displayed a photograph of the E-Z Line Support in Piping's online advertisement, thereby falsely misrepresenting E-Z Line's product as that of Piping.

38. Piping has never sought or obtained E-Z Line's permission to use a photograph of the E-Z Line Support in Piping's marketing materials.

39. Upon information and belief, Piping's false depictions of the E-Z Line Support has a tendency to deceive customers and the deception is material and likely to influence purchasing decisions.

40. Piping caused its false and misleading representation to enter interstate commerce as Piping uses its online marketing materials to advertise and offer for sale its pipe support products to various entities located throughout the United States. In fact, Piping touts itself as a "global manufacturer" on its website and also, as an example, describes manufacturing products for an oil refinery in Louisiana.

41. Piping's false and misleading representations are likely to confuse consumers and cause them to believe that the adjustable pipe support made by Piping is exactly the same as the E-Z Line Support.

42. Further, such misrepresentations are literally false as Piping's actual adjustable pipe support does not look like that of E-Z Line's as depicted in Piping's advertisements.

43. Piping's false and misleading representations of facts are likely to confuse consumers and cause them to mistake Piping's pipe support products for those manufactured by E-Z Line or to believe E-Z Line has approved of Piping's goods and commercial activities.

44. Piping knowingly, deliberately, and willingly committed the aforementioned actions.

45. Piping committed the aforementioned actions with knowledge that the use of the photograph of the E-Z Line Support was intended to cause confusion, to cause mistake, and to deceive customers.

46. Piping's actions have damaged and continue to damage E-Z Line, both economically and otherwise.

47. Piping's actions constitute an ongoing violation of Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

48. Upon information and belief, Piping's false and misleading representations have injured and will continue to cause immediate and irreparable injury and damage to E-Z Line. Further, E-Z Line has no adequate remedy at law for these injuries. Such immediate and irreparable injury and damage will continue unless and until Piping is enjoined by this Court. Accordingly, E-Z Line is also entitled to an injunction under 15 U.S.C. § 1116, prohibiting Piping from further actions in violation of the Lanham Act.

49. E-Z Line is entitled to recover from Piping any gains, profits, and advantages obtained by Piping as a result of Piping's acts alleged above, any damages that E-Z Line has sustained and will sustain, and the costs of the action. 15 U.S.C. § 1117(a). At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by E-Z Line.

50. On information and belief, Piping knew that the representations were false and willfully and deliberately continued to make the misrepresentations thereby making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

51. E-Z Line is thereby entitled to an accounting of Piping's profits resulting from Piping's violation of Section 43(a) of the Lanham Act and to recover its reasonable attorneys' fees under 15 U.S.C. § 1117(a). Upon information and belief, E-Z Line is also entitled to recover increased damages above the amount found as actual damages, not exceeding three times such amount, as provided by 15 U.S.C. § 1117(a).

52. E-Z Line further requests, pursuant to Lanham Act, 15 U.S.C. § 1118, that this Court order the destruction of all signs, prints, and advertisements bearing photographs of the E-Z Line Support.

### F. PERMANENT INJUNCTION

53. E-Z Line repeats and re-alleges the allegations of the paragraphs of this Complaint.

54. As a direct and proximate result of the conduct of Defendant as described above, E-Z Line has suffered irreparable harm and E-Z Line anticipates the further loss of customers, goodwill, revenues, sales, and profits. The use of the photograph depicting the E-Z Line Support in Piping's advertisements will continue to cause irreparable harm to E-Z Line.

55. E-Z Line has no adequate remedy at law has suffered immediate, imminent, and irreparable harm. The total loss to E-Z Line of its sales and profits cannot be accurately calculated, and any relief that this Court could award would not adequately remedy the injury to E-Z Line. By its conduct, Piping has gained in a matter of minutes a competitive advantage in the marketplace that took E-Z Line decades to build, thereby destroying E-Z Line's legally obtained competitive advantage and business goodwill. Therefore, the only

adequate, effective, and complete relief to E-Z Line is to restrain Piping from further engaging in certain proscribed activities, as set forth below.

56. E-Z Line enjoys a substantial likelihood that it will prevail on the merits of its claims and a probable right to relief. The equities in this matter weigh heavily in favor of E-Z Line and the issuance of a Permanent Injunction. Further, the magnitude of the injury being suffered due to Piping's unlawful conduct heavily outweighs whatever hardship Piping could allege or prove from being restrained as requested below, and the granting of injunctive relief herein would not adversely affect public policy or public interest. The public interests embodied in the Copyright Act and Lanham Act will be furthered by the issuance of this Permanent Injunction, prohibiting Piping from continuing to falsely advertise its products and from continuing to wrongfully use E-Z Line's property.

57. As Piping does not have the right to legally possess or use photographs of E-Z Line's products or copyrighted material and misrepresent them as its own, Piping will not be harmed by issuance of an injunction.

58. Therefore, E-Z Line requests a Permanent Injunction against Piping, and its agents, servants, employees, independent contractors, attorneys, representatives, and those persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from further engaging in certain proscribed activities, as set forth below:

    A. Defendant Piping be restrained and enjoined from circulating the offending advertisements containing the photograph of the E-Z Line Support or any other photographs of E-Z Line's products;

B. Defendant Piping be restrained and enjoined from displaying, reproducing, duplicating, and otherwise making use of in any way the photograph of the E-Z Line Support or any other photographs or material of E-Z Line's products in any of its advertisements or promotional materials;

C. Defendant Piping cease to display and remove any photograph of the E-Z Support or any other photograph or material of E-Z Line from any website affiliated with Piping, including, but not limited to, "www.pipingtech.com."

D. Defendant Piping be restrained and enjoined from acting in any way, which falsely represents Piping's products, or which is likely to cause confusion or mistake in the mind of the public or lead the public to believe that: (1) Piping's product or services are derived from E-Z Line; (2) Piping's product or services are somehow sponsored or connected with E-Z Line; or (3) that there is some connection between E-Z Line and Piping;

E. Defendant Piping be restrained and enjoined from destroying any records of customer orders placed or filled to date for adjustable pipe supports;

F. Defendant Piping be restrained and enjoined from filling any unfilled orders for adjustable pipe supports; and

G. Defendant Piping must refund any monies received on any unfilled orders for any adjustable pipe support and notify each customer involved that the product advertised is not the same as depicted in the photograph in the offending advertisement, but rather is E-Z Line's product, and, therefore, Piping is unable to fill such orders.

59. E-Z Line further seeks a Permanent Injunction against Piping and its agents, servants, employees, independent contractors, attorneys, representatives, and those persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from further engaging in the proscribed activities set forth in the above paragraph.

## G. ATTORNEYS' FEES AND COSTS

60. E-Z Line repeats and re-alleges the allegations of the paragraphs of this Complaint.

13

61. As a result of Piping's unlawful activities, E-Z Line has been forced to retain the undersigned counsel.

62. E-Z Line seeks recovery of its reasonable and necessary attorneys' fees, costs, and expenses through trial and appeals, pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117.

## H.  PRAYER

As a result of Piping's wrongful and unlawful acts described in this Complaint, E-Z Line seeks judgment and relief against Piping, including:

A. Actual damages, including lost profits;

B. Additional profits gained by Piping due to its violation of the Lanham Act and Copyright Act;

C. Statutory and other damages recoverable under 17 U.S.C. § 504, including increased damages from Piping's willful conduct;

D. Treble damages and exemplary damages as allowed by applicable statutes;

E. Attorneys' fees and costs;

F. An accounting to determine Piping's marketing and profits resulting from its unlawful activities;

G. Pre-judgment and post-judgment interest as allowed by law;

H. Cost of court as allowed by law;

I. Entry of Permanent Injunction, enjoining Piping from proscribed activities set forth above, including the future infringement of E-Z Line's intellectual property;

J.	Entry of an Order pursuant to 15 U.S.C. § 1118 and/or 17 U.S.C. § 503 requiring Piping to deliver up to this Court for destruction any and all displays, signs, prints, advertisements, sales aids, and other matters in its possession or under its control or constructive control which bear a photograph of E-Z Line's products; and

K.	Any such other relief that this Court deems just and proper.

Dated this 27th day of May 2020.	Respectfully submitted,

By:	/s/ *Hunter M. Barrow*
HUNTER M. BARROW
(attorney-in-charge)
State Bar No. 24025240
Federal Bar No.: 25828
hbarrow@andrewsmyers.com
Andrews Myers, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
(713) 850-4200 – Telephone
(713) 850-4211 – Facsimile

**ATTORNEYS FOR PLAINTIFF
E-Z LINE PIPE SUPPORT CO., LLC**

**OF COUNSEL**

WADE A. JOHNSON
State Bar No. 24062197
Federal Bar No. 105556
wjohnson@andrewsmyers.com
Andrews Myers, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056-4110
(713) 850-4200 – Telephone
(713) 850-4211 – Facsimile

15