United States District Court
Southern District of Texas
**ENTERED**
January 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| E-Z LINE PIPE SUPPORT, LLC, § § | |
| Plaintiff. § § | |
| VS. § | CIVIL ACTION NO. 3:20-CV-00176 |
| § § | |
| PIPING TECHNOLOGY & § PRODUCTS, INC., § § | |
| Defendant. § | |

# ORDER

Pending before me is a discovery dispute concerning the designation of certain documents as "Attorney's Eyes Only." Defendant Piping Technology & Products, Inc. ("Piping Technology") has designated approximately 700 pages as "Attorney's Eyes Only." Under the protective order in place, "Confidential" documents may be shared with a party's officers and employees. "Attorney's Eyes Only" documents are, as the name suggests, limited to viewing by the attorneys involved in this litigation. Plaintiff E-Z Line Pipe Support Co. LLC ("E-Z Line") requests that the disputed documents be re-designated from "Attorney's Eyes Only" to "Confidential." This, E-Z Line argues, would protect the documents from misuse while, at the same time, allowing its senior level employees to view the documents so they can "determine the value of its case, to advise on the content and extent of further discovery (formal and informal), and to assist in preparing for trial." Dkt. 25 at 4.

"When the issue of whether a trade secret or other confidential data should be revealed arises, there are two conflicting policies. On the one hand, the party seeking disclosure (frequently the plaintiff) has the right to obtain all information pertinent to the case. However, the party seeking to avoid disclosure (usually the defendant) has the right to protect its property." Westlaw, *Protecting Trade Secrets During Discovery*, CORPORATE COUNSEL'S PRIMERS, Aug. 2018, at 1, 296 CCPRIMERS-NL 1. I understand and appreciate these competing interests and take my role as a so-called "gatekeeper" seriously. To fulfill my responsibilities, I have carefully reviewed the disputed documents in camera.

In a nutshell, Piping Technology's legitimate interest in ensuring that certain confidential information be protected must be weighed with E-Z Line's competing interest in having access to that information so that it may effectively prosecute its claims. I am genuinely concerned that a blanket rule that limits the document production to review only by outside attorneys would put E-Z Line at a severe disadvantage in this case, rendering its lawyers unable to confer with its client to meaningfully discuss settlement value and case strategy. *See Glob. Material Techs., Inc. v. Dazheng Metal Fibre, Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015) (The "Attorney's Eyes Only" designation "should only be used on a relatively small and select number of documents whe[n] a genuine threat of competitive or other injury dictates such extreme measures . . . because discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client." (quotation

omitted)); *Ragland v. Blue Cross Blue Shield of N.D.*, No. 1:12-cv-080, 2013 WL 3776495, at *2 (D.N.D. June 25, 2013) ("[A]ny designation of material as 'attorneys' eyes only' should be reserved for only those rare instances in which it is truly justified, *i.e.*, when there is a real expectation and entitlement to confidentiality under the law that has been preserved and not waived and there is no other effective alternative."). At the same time, Piping Technology has, at this stage of the case, not been found to have done anything improper or illegal. Piping Technology and E-Z Line are apparently direct competitors. It seems draconian to allow every E-Z Line employee to review and analyze documentation relating to sensitive topics, like Piping Technology's customer lists, pricing information, and customer preferences. *See Sioux Pharm, Inc. v. Eagle Labs. Inc.*, 865 N.W.2d 528, 538 (Iowa 2015) ("The main concern of parties seeking to impose [Attorney's Eyes Only] restrictions is fear that dissemination of sensitive information, particularly to decision-makers of its competitors, would threaten serious competitive harm.").

Given the broad discretion granted to trial courts to manage the pretrial discovery process as fairly and efficiently as possible, I will allow E-Z Line's President and one other employee (to be designated in writing to Piping Technology's counsel) to review those documents designated as "Attorney's Eyes Only." Custody of the "Attorney's Eyes Only" documents must remain in outside counsel's control—that is, copies of the "Attorney's Eyes Only" documents must not be emailed, sent, delivered, or otherwise provided to E-Z Line's President and the other designated employee. That said, E-Z Line's outside counsel may show the

3

documents to E-Z Line's President and the other designated employee by video or during an in-person meeting. Before any "Attorney's Eyes Only" documents are disclosed, E-Z Line's President and the other designated employee must agree to be bound by the order marked as Exhibit A to the Standing Protective Order. *See* Dkt. 15 at 6.

In my review of the documents at issue, I came across several that expressly refer to E-Z Line. Given that these documents are apparently directly relevant to the issues central to this dispute, it is my belief that such documents should be re-designated as "Confidential," allowing a wider net of E-Z Line employees to view such documents. Nonetheless, the "Confidential" designation is still onerous, limiting the dissemination of such documents and the purposes for which they are utilized. Those documents that should be re-designated as "Confidential" are PTP0263–272, PTP0507, PTP0516, PTP0546, PTP0550, PTP0553, PTP0568, PTP0617–620, PTP0631, PTP0653–656, PTP0668–669, and PTP0671.

SIGNED on this 7th day of January 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE