UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| E-Z LINE PIPE SUPPORT CO., LLC, | § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:20-cv-00176 |
| PIPING TECHNOLOGY & PRODUCTS, INC., | § § § | |
| Defendant. | § § | |

## ORDER AND OPINION

The parties in this case have requested my assistance in resolving a discovery dispute. *See* Dkt. 33. Plaintiff E-Z Line Pipe Support Co., LLC ("E-Z Line") wants to depose several current and former employees of Defendant Piping Technology & Products, Inc. ("Piping"). Piping strongly objects, and requests a so-called "*Lone Pine* Order," which would stay discovery until E-Z Line provides prima facie evidence of causation and injury. For the reasons provided below, I decline the invitation to issue a *Lone Pine* Order and instead order the parties to proceed with discovery.

## BACKGROUND

In May 2020, E-Z Line filed this lawsuit against Piping for allegedly using a photograph of one of E-Z Line's products without permission in online advertisements. E-Z Line claims this unpermitted use violated both the Copyright Act and the Lanham Act, and seeks monetary damages resulting from Piping's

alleged illegal appropriation. E-Z Line also requests an injunction prohibiting Piping from falsely advertising its products and wrongfully using photographs of E-Z Line's products in Piping's advertisements and promotions.

Although the parties have exchanged written discovery, no depositions have taken place. The Docket Control Order sets a May 14, 2021 discovery deadline (which may be extended by agreement of the parties), and a May 21, 2021 dispositive motion deadline (which may not be moved). *See* Dkt. 16. With the end of discovery and the dispositive motion deadline looming, E-Z Line has noticed depositions for three of Piping's current and former employees: Prabin Shrestha, Shirish Lal, and Raya Bass.

## ANALYSIS

A *Lone Pine* Order is a case management device which takes its name from a 1986 New Jersey environmental, mass tort case. *See Lore v. Lone Pine Corp.*, No. L-33606-85, 1986 WL 637507 (N.J. Super. Ct. Nov. 18, 1986). In *Lone Pine*, a group of homeowners sued 464 defendants for personal injuries and property damage resulting from the operation of *Lone Pine*'s landfill. *See id.* at *1. The trial court entered an order requiring the plaintiffs to provide facts in support of their claims through expert reports, or risk having their claims dismissed. *See id.* at *1–3. In today's rough and tumble litigation world, *Lone Pine* orders typically require each plaintiff in a mass tort case to make a prima facie showing of injury and causation before proceeding to discovery. *See* David B. Weinstein &

Christopher Torres, *An Art of War Lesson Applied to Mass Torts: The* Lone Pine *Strategy*, 14 AM. BAR ASSOC. (Env't Enf't & Crimes Comm. Newsl.) August 2013, at 15. This is often done through the submission of affidavits, expert reports, and other evidence.

The Fifth Circuit has recognized that *Lone Pine* Orders are "designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation by requiring plaintiffs to produce some evidence to support a credible claim" before proceeding to discovery. *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 604 n.2 (5th Cir. 2006). *See also Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) (*Lone Pine* Orders are designed to weed out frivolous claims and "to handle the complex issues and potential burdens on defendants and the court in mass tort litigation."). In determining whether to grant or deny a request for entry of a *Lone Pine* order, district court judges have wide discretion as part of their management of the discovery process under Rule 16. *See id.*

Piping argues that I should enter a *Lone Pine* Order in this case. Such an order would stop cold any depositions of Piping's current and former employees "until such time as E-Z Line can show from Piping's customers that there is some evidence of causation between the use of the photo [and] any damages incurred by EZ Line or profits derived by Piping." Dkt. 33 at 2. I am not convinced that the entry of a *Lone Pine* Order is appropriate.

In our federal judicial system, each party is generally permitted under the Federal Rules of Civil Procedure to engage in the discovery process to prepare its case for trial. The notion that discovery in a wide range of cases should automatically be stayed—requiring a plaintiff to establish a prima facie case of injury and causation before moving forward with discovery—runs counter to how our courts generally operate. It is for that reason that the use of an extraordinary case management tool like a *Lone Pine* Order is the exception, not the rule. As one district court observed:

> Review of relevant case law thus indicates that *Lone Pine* orders appear to be utilized most often in cases involving complicated legal and factual issues in complex mass tort and toxic-tort litigation involving multiple parties, where the discovery process would be particularly burdensome, and where the plaintiff's ability to sustain their burden of proof was found to be questionable.

*Kamuck v. Shell Energy Holdings GP, LLC*, No. 4:11-CV-1425, 2012 WL 3864954, at *3 (M.D. Pa. Sept. 5, 2012) (collecting cases).

This case is not a complex mass tort case. There are not 100-plus plaintiffs clamoring for me to implement basic procedures to streamline discovery and minimize expenses. This is a one-plaintiff-one-defendant case. The case law is replete with district courts across the country refusing to issue *Lone Pine* Orders in the absence of multiple parties. *See Arnold v. BNSF Ry. Co.*, No. 3:18-CV-1931-L, 2019 WL 1493160, at *6 (N.D. Tex. Apr. 4, 2019) (refusing to enter a *Lone Pine* Order because such an "order is typically granted when there are multiple parties,

4

whereas this case involves one plaintiff and one defendant."); *Marquez v. BNSF Ry. Co.*, No. 17-CV-01153-CMA-MEH, 2017 WL 3390577, at *3 (D. Colo. Aug. 8, 2017) ("Similarly, the present case involves one plaintiff suing one defendant for negligently causing the decedent's esophageal cancer. As such, the Court does not perceive peculiar case management or discovery needs."); *Ramirez v. E.I. Dupont De Nemours & Co.*, No. 8:09-cv-321-T-33TMB, 2010 WL 144866, at *3 (M.D. Fla. Jan. 8, 2010) (holding that a *Lone Pine* Order was "patently unwarranted" in a case involving "a single plaintiff and single defendant.").

It is important to keep in mind that all E-Z Line has requested thus far is the opportunity to take the depositions of three current and former employees of Piping, the sole defendant in this case. From my vantage point, this ask is hardly outlandish or inappropriate. Truth be told, I am hard-pressed to imagine any case in which I would step in to prevent the plaintiff from conducting basic deposition discovery aimed at a single defendant.

Piping believes the claims raised by E-Z Line are without merit, and it does not want to incur the time and expense of producing witnesses until E-Z Line can provide concrete evidence of causation and injury. Although I appreciate and understand Piping's position, I do not believe it makes a lot of sense for a district court to act as a gatekeeper, deciding at the outset of every case whether to even allow basic discovery to commence. I prefer to follow the guidelines set forth in the Federal Rules of Civil Procedure, allow the parties to engage in the discovery

process, and then entertain summary judgment motions as to any unsupported claims.

Before I conclude, there is an additional reason why a *Lone Pine* Order is not suitable here. E-Z Line has requested injunctive relief. As E-Z line points out: "E-Z Line does not need to specifically prove that Piping's violative conduct caused actual damages in order to be awarded [the] injunctive relief it seeks—either now or at trial." Dkt. 33 at 2.

## CONCLUSION

This case has been on file for almost a year. The discovery cut-off and dispositive motion deadline are fast approaching. E-Z Line has requested three depositions. That's a reasonable request. Those depositions should proceed as previously planned.

SIGNED this 30th day of April 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE